1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGE LIONSO SALINAS,                        No.  2:15-cv-1943 KJN P

12                      Plaintiff,

13          v.                                       ORDER

14    J. SOBODASH, et al.,

15                      Defendants.

16

17          Plaintiff is presently housed in the Rio Cosumnes Correctional Center, and is proceeding

18    without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to

19    proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this

20    court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before

21    the undersigned for all purposes.  See 28 U.S.C. § 636(c).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

23    § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19    1227.

20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26    sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

27    facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

28    the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

1    (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2    In reviewing a complaint under this standard, the court must accept as true the allegations of the

3    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

4    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

5    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6         Here, plaintiff names a Sacramento County Sheriff's deputy, as well as the Sacramento

7    County Sheriff's Department, as defendants.  Plaintiff claims that on July 9, 2015, defendant

8    Sobodash went to the desk clerk of the Super 8 motel and acquired plaintiff's driver's license

9    information and his room key.  Plaintiff alleges that defendant Sobodash then went to plaintiff's

10   room and entered without knocking.  Plaintiff claims defendant Sobodash did this on multiple

11   occasions, violating plaintiff's civil rights by not first acquiring warrants.  Plaintiff states he was

12   not on parole or probation.  Plaintiff seeks money damages.

13        However, plaintiff includes no charging allegations as to the County of Sacramento.

14   Moreover, municipalities and local officials cannot be vicariously liable for the conduct of their

15   employees under § 1983, but rather are only "responsible for their own illegal acts."  Connick v.

16   Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479, 106

17   S. Ct. 1292 (1986)).

18        As to defendant Sobodash, plaintiff fails to include sufficient factual allegations for the

19   court's evaluation.

20        Even when officers have probable cause to arrest a suspect, seizures inside a home

21   without a warrant are presumptively unreasonable under the Fourth Amendment.  Groh v.

22   Ramirez, 540 U.S. 551, 559, 124 S. Ct. 1284 (2004).  "Nevertheless, because the ultimate

23   touchstone of the Fourth Amendment is 'reasonableness,' the warrant requirement is subject to

24   certain exceptions."  Brigham City, Utah v. Stuart, 547 U.S. 398, 403, 126 S. Ct. 1943 (2006).

25   One such exception exists where the exigencies of the situation facing officers makes the needs of

26   law enforcement so compelling that the warrantless entry and seizure is objectively reasonable

27   under the Fourth Amendment.  Id.  "Exigent circumstances are defined to include 'those

28   circumstances that would cause a reasonable person to believe that entry . . . was necessary to

3

1   prevent physical harm to the officers or other persons, the destruction of relevant evidence, the

2   escape of the suspect, or some other consequence improperly frustrating legitimate law

3   enforcement efforts.'" <u>Fisher v. City of San Jose</u>, 558 F.3d 1069, 1075 (9th Cir. 2009) (quoting

4   <u>United States v. Lindsey</u>, 877 F.2d 777, 780 (9th Cir. 1989)).

5          Although plaintiff states he was not on parole or on probation at the time of the alleged

6   illegal entry into the motel room, plaintiff's present housing suggests that law enforcement may

7   have been investigating charges against him.  Indeed, plaintiff is presently facing felony charges

8   in the Sacramento County Superior Court, Case No. 14F07545, which were pending at the time of

9   the July 9, 2015, alleged entry in plaintiff's motel room.[1]  For a Fourth Amendment claim of

10  unreasonable search to survive, any conviction or sentence that resulted from the search must be

11  dropped; otherwise granting such a claim would invalidate the underlying conviction.

12  Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 144 S. Ct. 2364 (1994), a plaintiff may not recover

13  damages for any "harm caused by actions whose unlawfulness would render a conviction or

14  sentence invalid." <u>Id.</u> at 486-87.  The Ninth Circuit has made clear that "a § 1983 action alleging

15  illegal search and seizure of evidence upon which criminal charges are based does not accrue

16  until the criminal charges have been dismissed or the conviction has been overturned.  Such a

17  holding will avoid the potential for inconsistent determinations on the legality of a search and

18  seizure in the civil and criminal cases. . . ." <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir.

19  2000), <u>overruled in part on other grounds by</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94, 127 S. Ct.

20  1091 (2007).  If defendant Sobodash's actions were in connection with the pending criminal

21  charges, plaintiff's claims against him would be barred under <u>Heck</u>.

22         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

23  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

24  court has determined that the complaint does not contain a short and plain statement as required

25  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

26

27  ------------------------
    [1]  Plaintiff's criminal case records are accessed through the Sacramento County Superior Court's
    Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on
28  November 9, 2015.

                                              4

1   complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>

2   <u>v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

3   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

4   <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

5   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

6          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

7   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v.</u>

8   <u>Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

9   named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is

10  some affirmative link or connection between a defendant's actions and the claimed deprivation.

11  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

12  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

13  rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

14         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

15  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This requirement exists

17  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

18  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22         In accordance with the above, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27  Sheriff of Sacramento County filed concurrently herewith.

28         3.  Plaintiff's complaint is dismissed.

1       4.  Within thirty days from the date of this order, plaintiff shall complete the attached

2 Notice of Amendment and submit the following documents to the court:

3       a.  The completed Notice of Amendment; and

4       b.  An original and one copy of the Amended Complaint.

5 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8 Failure to file an amended complaint in accordance with this order may result in the dismissal of

9 this action.

10 Dated:  November 10, 2015

11

12 sali1943.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE LIONSO SALINAS,                      No.  2:15-cv-1943 KJN P

12                  Plaintiff,

13        v.                                     NOTICE OF AMENDMENT

14   J. SOBODASH, et al.,

15                  Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                  _____         Amended Complaint
     DATED:
20

21                                          _____

22                                          Plaintiff

23

24

25

26

27

28