UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LIONSO SALINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SOBODASH, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1943 KJN P<br><br><br>ORDER |

　　　Plaintiff is presently housed in the Rio Cosumnes Correctional Center, and is proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

　　　Plaintiff's amended complaint is before the court. As set forth in the prior screening order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
6  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
8  1227.

9  In the amended complaint, plaintiff names Sacramento County Sheriff's Deputy Sobodash
10  as a defendant.  Plaintiff claims that on July 10, 2015, defendant Sobodash went to the desk clerk
11  of the Super 8 motel and inspected the guest registry in an attempt to further his investigative
12  search.  Defendant acquired plaintiff's name, driver's license information, and room key.
13  Plaintiff alleges that defendant Sobodash then went to plaintiff's room and entered without
14  permission and without knocking, and began searching plaintiff's personal items.  Plaintiff claims
15  that defendant Sobodash was required to first obtain a warrant.  He seeks money damages.

16  Plaintiff provided a copy of the police report which reflects that defendant was dispatched
17  to the area to "assist units on a follow-up search regarding stolen property," and that a vehicle
18  parked by the hotel was reported stolen.  (ECF No. 9 at 3.)  The report referenced that another
19  officer reported that plaintiff was a "known suspect" in connection with "the incident."  (Id.)  In
20  the report, defendant "contacted the front desk of the hotel and asked which room "George
21  Salinas" was staying in.  The staff on scene advised he was in room #[redacted] and also provided
22  a room key."  (Id.)  While defendant waited, he saw a "FHA" leave the room identified as
23  plaintiff's, and the "FHA" was later identified as Laura Arciniega who was "on probation until 2-
24  8-20 for narcotics and fraud related charges."  (ECF No. 9 at 4.)  Multiple pieces of other people's
25  property, including checks, social security cards, and personal information, were found in the
26  room.  (ECF No. 9 at 4.)  Plaintiff was detained on July 10, 2015.  (Id.)

27  In addition to the felony charges plaintiff was facing in Sacramento County Superior
28  Court, Case No. 14F07545, which were pending at the time of the instant allegations, on July 14,

2015, plaintiff was subsequently charged with seven criminal counts, in Case No. 15F04211, including the following felony counts:  unauthorized use of personal identifying information of another person; attempt to obtain credit, goods, services, real property or medical information; commission of crime; punishment for first, subsequent or multiple offenses; sale of information; mail theft; liability of computer service or software providers, Cal. Penal Code § 530.5; theft and unlawful driving or taking of a vehicle, Cal. Vehicle Code § 10851; receiving stolen property; punishment; swap meet vendors and others dealing in or collecting merchandise or personal property; damages and costs; attempted offenses; penalties, Cal. Penal Code § 496; and forgery; possession or receipt of items; intent to defraud, Cal. Penal Code § 475.[1]

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).  The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Heck also "applies to pending criminal charges." Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000), overruled in part on other grounds by Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

Here, the record reflects that plaintiff seeks to challenge the search that led to his detention on July 10, 2015.  As plaintiff was previously informed, for a Fourth Amendment claim of unreasonable search to survive, any conviction or sentence that resulted from the search must

---

[1] Plaintiff's criminal case records are accessed through the Sacramento County Superior Court's Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on December 14, 2015.

1  be dismissed or invalidated; otherwise granting such a claim would invalidate the underlying
2  conviction.  (ECF No. 7.)  Because defendant Sobodash's actions were taken in connection with
3  the pending criminal charges, plaintiff's claims against defendant would necessary imply the
4  invalidity of his detention, arrest, or subsequent conviction, and are barred under <u>Heck</u>.  <u>See</u>
5  <u>Harvey</u>, 210 F.3d at 1015 ("[A] § 1983 action alleging illegal search and seizure of evidence upon
6  which criminal charges are based does not accrue until the criminal charges have been dismissed
7  or the conviction has been overturned."); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380
8  (9th Cir. 1998) (false arrest and imprisonment claims barred by <u>Heck</u> given that success on those
9  claims would require a demonstration of a lack of probable cause for the arrest and a finding of
10 no probable cause would necessarily imply invalidity of conviction).  Plaintiff may challenge the
11 alleged illegal search in the underlying criminal action.  But plaintiff must first demonstrate that
12 the criminal charges were dismissed, or his conviction overturned or invalidated through a
13 petition for writ of habeas corpus, before he may challenge the search in a federal civil rights
14 action.

   Plaintiff was given an opportunity to amend his complaint to cure the noted deficiencies.
Based on his response, it is clear that those deficiencies cannot be cured by amendment.

   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed without prejudice, and the Clerk shall terminate this action.

Dated:  December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sali1943.56